644 So.2d 370 (1994)
STATE of Louisiana
v.
Belinda POLLARD.
No. 93-KA-0660.
Supreme Court of Louisiana.
October 20, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, and Susan M. Erlanger, New Orleans, for applicant.
Christian M. Comarda, New Orleans, for respondent.
*371 PER CURIAM:[*]
Treating the state's appeal from the district court's quashing of the multiple offender bill of information as an application for supervisory review, see La.S.Ct. Rule 1, § 11, State v. Peacock, 461 So.2d 1040 (La. 1984); State v. Nichols, 337 So.2d 1074 (La. 1976), we grant the application, vacate the ruling below, and remand the case for resumption of the multiple bill proceedings consistent with our opinion in State v. Dorthey, 623 So.2d 1276 (La.1993). The penalties provided by La.R.S. 15:529.1 are not unconstitutional on their face, State v. Lee, 364 So.2d 1024 (La.1978), and do not provide grounds for quashing a multiple bill. The district court does have the authority, however, to reduce any of the mandatory minimum sentences provided by the multiple offender statute for a particular offense and offender status when such terms would violate the defendant's constitutional protection against excessive punishment. La. Const.1974, Art. I, § 20; State v. Dorthey, 623 So.2d at 1280-81.
On remand, the district court is to make the factual determination of offender status required by the evidence presented at the multiple offender hearing conducted on July 29, 1992, R.S. 15:529.1D(2), State v. Dean, 588 So.2d 708 (La.App. 4th Cir.1991), writ denied, 595 So.2d 652 (La.1992), and to determine on the record whether the mandatory minimum sentence provided for the particular offender status is unconstitutionally excessive as applied to the defendant. The court is to sentence appropriately. The state may seek review of any determination to impose sentence not in conformity with the mandates of R.S. 15:529.1. La.C.Cr.P. art. 881.2B(1)(b).
RULING VACATED; CASE REMANDED.
NOTES
[*] Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participated as Associate Justice Pro Tempore (effective September 1, 1994).

Marcus, J., not on Panel. Rule IV, Part 2, § 3.