| ¶ JOHNSON, J.,
would grant the writ application, in part, for the following reasons:
A jury convicted defendant of possession of heroin, in violation of LSA-R.S. 40:966(0(1) and possession of cocaine, in violation of LSA-R.S. 40:967(C). He was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence pursuant to adjudication as a third felony offender (LSA-R.S.15:529.1).
Defendant had in his possession a small plastic bag which was later discovered to contain a single piece of crack cocaine. During a search incident to defendant’s arrest, officers found a foil packet of heroin on defendant’s person.
Trial courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial court has the authority to reduce a mandatory minimum sentence provided by the multiple offender statute for a particular offense and offender, if the sentence would be constitutionally excessive. State v. Pollard, 93-0660 (La.10/20/94), 644 So.2d 370. Furthermore, in State v. Dorthey, 623 So.2d 1276 (La.1993), this court held that if, in sentencing a defendant, the trial judge were to find that the punishment mandated by the habitual offender statute made no measurable contribution to | ^acceptable goals of punishment or that the sentence amounted to nothing more *575 than purposeful imposition of pain and suffering and was grossly out of proportion to the severity of the crime, the trial judge would have the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. Id. at 1280-1281.
In this case, when the trial judge imposed the life sentence, he stated:
At this time I am going to vacate the original sentence and under the law impose the sentence that is mandatory by the statute which is life imprisonment without probation, parole, or suspension of sentence. Under the statute that is the only thing I can do.
[[Image here]]
I am very sorry. I wish there was something I could do, but the law mandates certain things that I can do. I have no discretion.
* * *
It is very difficult for me to sit here and do those things. I don’t have the discretion. This is not something that I can say I can give you five years or ten years. The law says that is the sentence.
Based on the trial judge’s comments, he did not know that he had the discretion to consider the constitutionality of the sentence as it applied to defendant. The remarks suggest a reasonable possibility that the court found that the mandatory minimum penalty provided by the legislature is excessive as applied to this particular offender, but felt that it had no other choice than to follow the dictates of LSA-R.S. 15:529.1(A)(l)(b)(ii).
Therefore, I would grant the defendant’s writ application in part, vacate defendant’s sentence, and remand this matter to the trial court for resentencing.