11 JONES, J.
dissents with reasons.
Jeffrey Jones complains in his appeal that his sentence is excessive. I agree. Further, I am concerned that he will not receive redress in Louisiana State Courts.
The sentence imposed in this case is without question excessive. As noted by the majority, in review of sentencing, an appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. Courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court has the authority to reduce a mandatory minimum sentence provided by the multiple offender statute for a particular offense and offender if the sentence would be constitutionally excessive. State v. Pollard, 93-0660 (La.10/20/94), 644 So.2d 370. Because the Habitual Offender Law has been held constitutional, the minimum sentences it imposes upon multiple offenders are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
However, the district court may sentence below the mandatory minimum sentences under State v. Dorthey, 623 So.2d 1276 (La.1993).
|?In this case, Jones is an addict. His criminal history evidences that he was initially convicted of distribution of cocaine, but thereafter his crimes are symptomatic of an addict: theft, burglary, and possession of cocaine. The instant offense is for possession of a minuscule amount of cocaine in a crack pipe. This would constitute a misdemeanor charge of possession of drug paraphernalia in any other parish.
*791 Also, the record before us indicates that while the officer testified that when he observed Jones he had a crack pipe to his mouth, and upon immediately arresting Jones, he found the crack pipe to be cold to the touch. Jones did not have matches, or a cigarette lighter in his possession. Thus, how did he smoke crack at that time with no matches, no lighter, and a cold crack pipe.
As previously stated, Jones is an addict, and he has tried to remain free from criminal behavior by not committing a burglary or a theft. However, because he is an addict in a state with no rehabilitation program for an addict, he has on his person a crack pipe, hoping for someone to give him drugs. And for this we will sentence him for imprisonment for twenty years?
This sentence is, for me, more than excessive, and both the legislature and the Governor have recently had enacted laws to allow for “reasonable” sentencing. However, neither the district court nor the majority chose to do their jobs and sentence below the mandatory minimum.
For these reasons, I dissent.