954 So.2d 403 (2007)
Louis STEMLEY
v.
Warden Henry GOINES, O.P.P., Lawrence Bourgeois, New Orleans West District, Louisiana Board of Parole Fred Clark.
No. 2006-CA-1556.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 2007.
Rehearing Denied May 2, 2007.
Louis Stemley, Kinder, LA, In Proper Person, Plaintiff/Appellant.
Charles C. Foti, Jr., Attorney General State of Louisiana, Jennifer M. Medley, Assistant Attorney General State of Louisiana, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge MAX N. TOBIAS Jr., Judge ROLAND L. BELSOME).
JAMES F. McKAY, III, Judge.
The plaintiff, Louis Stemley ("Stemley"), an inmate at Allen Correctional Center in Kinder, Louisiana, appeals the judgment of the trial court dismissing his action with prejudice for lack of subject matter jurisdiction. For the reasons set forth below, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On August 19, 2002, Stemley filed a Petition for Judicial Review in the Civil District Court for the Parish of Orleans alleging that his parole was revoked in error and that there was an error in the computation of his "good time" credits. On October 14, 2002, Stemley amended his petition alleging damages due to his wrongful incarceration and/or false imprisonment stemming from the error in calculation of "good time."
In response, the defendants filed an exception of improper venue citing La. R.S. 15:571.15, which provides:
Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, *404 discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the Board of Parole shall be controlled by this Part and R.S. 15:574.2 and 574.11 and not by the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary. (Footnotes omitted).
The matter came for hearing on May 26, 2006. On June 28, 2006, the trial court rendered a judgment dismissing Stemley's action with prejudice, based on the finding that the Civil District Court lacked subject matter jurisdiction. The trial court determined that pursuant to La. R.S. 15:571.15, the 19th Judicial District Court has jurisdiction over questions concerning the computation of discharge times for prisoners. Stemley's timely appeal followed.
DISCUSSION
On appeal, Stemley argues that the trial court erred in dismissing his case for lack of subject matter jurisdiction. Stemley submits that because he amended his petition for review to included a petition for damages, the matter became a delictual action, which falls within the mandatory venue provision of La. R.S. 15:1184(F). The statute states:
The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. Upon consent of all parties, the court may transfer the suit to a parish in which venue would otherwise be proper.
To support his argument that the trial court was wrong in finding that the 19th Judicial District Court was the proper venue, Stemley submits that his petition for review and demand for damages for wrongful incarceration was originally filed in the 19th Judicial District Court, but was dismissed on an exception of improper venue. A copy of the Commissioner's Screening Report, dated January 25, 2005, is attached to Stemley's Motion for Appeal. The Commissioner's finding holds:
The petitioner, an inmate in the custody of the Department of Public Safety and Corrections, filed the instant suit in which he raises complaints concerning the computation of his good time credits. As relief, the petitioner requests an award of monetary damages. Without addressing the merits of the petitioner's allegations, this Commissioner notes that the instant suit is a delictual action rather than a request for judicial review. The exclusive venue for a suit that asserts a claim based upon delictual actions for injury or for damages is the parish where the prisoner was assigned at the time his cause of action arose. La. R.S. 15:1184(F).
On April 14, 2005, the 19th Judicial District Court adopted the Commissioner's recommendation and rendered a judgment dismissing Stemley's action, without prejudice, for being filed in a parish of improper venue. Stemley appealed the decision to the First Circuit Court of Appeal. In an unpublished opinion, the First Circuit affirmed the decision of the Commissioner. Stemley v. Department of Public Safety and Corrections, XXXX-XXXX (La.App. 1 Cir. 6/21/06, 933 So.2d 257), unpub.
Clearly, this case presents a jurisdictional conflict. Pursuant to La. R.S. 15:571.15, venue for actions contesting the computation of sentences, discharge, good time dates, or any action concerning parole is mandatory in the parish of East Baton Rouge. On the other hand, under La. R.S. 15:1184(F), the exclusive venue for an inmate's delictual action shall be the parish where the prison is situated to which the *405 prisoner was assigned when the cause of action arose.
The conflict that arises when an inmate combines a petition for review with a claim for damages was recently recognized and discussed in Sias v. Rogers, XXXX-XXXX (La. App. 1 Cir. 2/9/07), ___ So.2d ___, 2007 WL 438782, rendered subsequent to the First Circuit's ruling in Stemley's case. Sias, while incarcerated at C. Phelps Correctional Center in Clinton, Louisiana, was found guilty of violating a disciplinary rule, for which he was subjected to a loss of "good time." He initially filed a request for judicial review in the 19th Judicial District Court, seeking restoration of the "good time." In addition, Sias also brought a claim for damages resulting from his alleged wrongful conviction on a rules violation. The 19th Judicial District Court Commissioner recommended that Sias's request for monetary damages be stricken from the pleadings, in order to allow the matter to proceed as a request for judicial review of Sias's disciplinary board appeal. The Commissioner's Screening Report noted:
While a request for judicial review is heard on the appellate jurisdiction of this Court, a claim for damages must be heard on the original jurisdiction of a district court. Pursuant to R.S. 15:1177(C), damage claims cannot be raised in a request for judicial review and must be filed separately as original civil actions. Furthermore, the legislature has provided that venue for a claim asserting damages must be raised in the parish where the petitioner was housed when the cause of action arose. R.S. 15:1184(F). Thus, if this matter were to proceed for judicial review, the damage claim would first need to be dismissed.
The District Court accepted the Commissioner's recommendation and rendered a judgment striking the damage claim from Sias's request for judicial review. The First Circuit Court of Appeal affirmed. Id.
Although Sias is not persuasive authority in the present case, it provides a well-reasoned approach to resolving the venue issue. The recommendation made by the Commissioner, and affirmed by the First Circuit Court of Appeal, allows for a decision to be made on the merits of the inmate's petition for review prior to determining damages. In Sias's case, the dismissal of the petition for review on the merits negated his claim for damages.
In the present case, the trial court did not err in finding that the Civil District Court lacked subject matter jurisdiction over Stemley's action. La. R.S. 15:571.15 mandates that venue for actions contesting computation of sentence, discharge, parole, and good time dates shall be brought in the parish of East Baton Rouge. See State v. Robinson, XXXX-XXXX, p. 6 (La. App. 4 Cir. 4/24/02), 818 So.2d 246, 250. Moreover, it is clear that an assessment of damages cannot be made unless and until the 19th Judicial District Court rules in Stemley's favor on the petition for review.
CONCLUSION
For the foregoing reasons, the trial court's judgment dismissing Stemley's action is affirmed.
AFFIRMED.