PETTIGREW, J.
|2In this pro se appeal, Harold Joe Black, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment that adopted the recommendation of the Commissioner and denied Black’s request for a resentencing (recalculation of good time credit). After a thorough review of the record, we affirm.
*216 FACTUAL BACKGROUND/PROCEDURAL HISTORY
The record reveals that Black originally requested good time credit on a prior offense by original grievance filed on May 2, 2011. To the best of our understanding, the allegations set forth by Black throughout these proceedings; including the arguments set forth on appeal, are based on Black’s claim that he was illegally sentenced as a second felony habitual offender on an earlier conviction. He appears to allege that the DPSC failed to give him credit for probation time he served (prior to that probation being revoked) on a first conviction, by erroneously calculating the original sentence remaining once probation was revoked as ending on August 12,1988, rather than August 12, 1987. Black additionally alleges that this miscalculation led to his erroneously being classified a second habitual felony offender and denied the right to good time credit. As a result of those alleged errors, Black claims he received an alleged erroneously enhanced sentence for which he seeks a recalculation of sentence time, resulting in the application of credit for good time served.
Black was informed by first step response, dated August 15, 2011, that his claim was being denied because he was not entitled to good time credit due to his having been adjudged a second felony offender on the earlier conviction, and also that his present incarceration was for an offense that denied eligibility to earn good time. Attached to that response is a memo, dated November 13,2009, for Black from the DPSC, informing him of the following: he was sentenced to three years hard labor on July 10, 1984, which sentence was suspended and Black was placed on- three years active probation. His probation was révoked on August 13, 1985, and he was remanded to DOC to serve the sentence. He was released after serving that sentence on August 12, 1986, and released |afrom subsequent parole on August 12, 1988. (DOC expressly rejected Black’s claim that the term expired on August 12, 1987, based on his assertion that he should have been credited for probation time served.) The memo, together with the attached supporting documentation, also noted that Black was arrested for distribution of cocaine on January 14, 1998, and was serving a current sentence for that conviction for which he was not eligible to earn good time. Moreover, the memo and documentation attached detailed that the second habitual offender status was based on the date of discharge on the prior conviction — August 12,1988— within the ten years required for the enhanced billing set forth in La. R.S. 15:529.1C. (Supporting documentation was attached to the memo.) Thus, Black was informed by this memo that he was not entitled to any good time credit.
The record also reveals that Black appealed that denial to the Second Step on September 6, 2011, and a second step response, also denying his request, was issued on September 20, 2011.
On October 17, 2011, Black filed an “Application for Writ of Mandamus” in which he reiterated his request for a recalculation of good time credit to which he claimed - he was entitled. We note that during the pendency of the proceedings on this application,'Black was released from incarceration.
The matter was ultimately submitted to and heard by Commissioner Quintillis K. Lawrence on December 2, 2014. The Commissioner then issued a written report and recommendation dated March 6, 2015. In ■ the report, the Commissioner noted that Black had completed his term of incarceration and had been released from physical custody. Based thereon, the *217 Commissióner concluded that the issue presented by Black’s grievance (request for good time “[street]” credit) as moot. However, “in the interest of justice,” the Commissioner also responded to the merits of Black’s request. In so doing, the Commissioner initially noted that although Act 792 of 2010 had amended La. R.>S. 15:571.5 and 15:574.9, effective August 15, 2010, to allow for credit for time served on parole, that amendment did not apply to Black, whose parole had been revoked in 2009, prior to that amendment, and that the amendment had prospective application only; ^therefore, it does not apply to Black. We find no error in that conclusion. Prior to 2010, La. R.S. 15:571.5 and 15:574.9 did not authorize credit for time served on parole. Therefore, the Commissioner recommended that Black’s suit be dismissed for failure to state a cause of action for which relief is available under the law. In the alternative, the Commissioner recommended that the suit be dismissed without prejudice on the basis that the issue of credit for time served was moot because Black was no longer incarcerated.
On March 81, 2015, the district court adopted the Commissioner’s report as its reasons, and rendered judgment dismissing Black’s suit without prejudice, at his costs. Black then filed 'a notice of intent to seek writs, and an application for supervisory writ with this' court. On September 9, 2015, this court granted the writ, noting that the March 31, 2015 judgment being challénged by Black was a final appealable judgment. The matter was remanded to the district court with instructions to grant Black an out-of-time appeal pursuant to In re: Howard, 541 So.2d 195, 197 (La.1989). This appeal followed.
DISCUSSION
At the outset we note that even the most careful review of the entire record, as well as the brief submitted by Black on appeal, fails to yield a clear understanding of Black’s claims and arguments. Indeed, much of what he has submitted is incomprehensible.[2] Thus, we address the issues presented based upon the best of our uh-derstanding’ of Black’s claims and arguments.
*218 | ¿Initially, to the extent that the Commissioner found that Black’s claims were moot because he had been released from incarceration during the pendency of an action seeking sentencing credit, and the judgment of the trial court adopted that finding, we find merit to Black’s claim that that finding is erroneous. The Corrections Administrative Remedy Procedure (CARP), pursuant to which Black’s original petition is based, La. R.S. 15:1171(D), expressly provides:
For the purposes of this Part, status as an “offender” is determined as of the time the basis for a complaint or grievance arises. Subsequent events, including posttrial judicial action or release from custody, shall not affect status as an “offender” for the purposes of this Part.
(Emphasis added.) Therefore, the conclusion that the claims were moot based solely on Black’s release from custody during the pendency of his claims is erroneous.
However, both the Commissioner, as well as the district court in adopting his recommendations, also, gratuitously and in the alternative, reviewed the merits of Black’s claims regarding any entitlement to credit on his sentence and found he was not entitled to such, and dismissed his claims. Our review of the matter yields the same conclusion. Black has not proven any erroneous calculation by DPSC of the expiration of his three-year sentence on a prior conviction; therefore, his claim that he was wrongly billed as a second felony offender based on untimeliness has no merit.[3]
| Additionally, Black has not articulated any legal basis for his claim that he is entitled to good time credit for the time he spent on probation. Indeed, the good time credit statute, La. R.S. 15:571.3, expressly allows good time for “days in actual custody”. Moreover, as we have found no error in Black having been timely billed as a second felony habitual offender, he is also expressly excluded as time credit eligible by La. R.S. 15:571.3(C), which denies the availability of diminution of sentence to anyone sentenced as an habitual offender.
CONCLUSION
Accordingly, for all the reasons expressed, we find a complete lack of evidence in support of, or any merit in, any of the claims and arguments presented by petitioner, Harold Joe Black. Accordingly, the district court judgment dated March 31, 2015, dismissing all of his claims is hereby affirmed. Costs of this appeal are assessed to Harold Joe Black.
AFFIRMED.
HIGGINBOTHAM, J. concurs in the result.

. To illustrate, Black’s presentation of his assignment of errors on which his challenge to the final judgment relies is as follows:
I. ISSUE PRESENTED
1. Whether not LDPSC 30 years old arbitrary amended expiration date, caused by LDPSC’s Improper probation revocation moot?

ERROR

Commissioner Lawrence erred in claiming 1st felony revocation illegal August 12, 1988 expiration date issue moot; (a) underlying allege second felony 1st JDC with DOC used to denying good time; (b) La. R.S. 14:95.1, usé current May 29, 2013 expiration date to calculate whether ex-con’ appellant ten years elapsed to . bear arms, keep in mind extended by LDPSC’s illegal 8/12/88 date; (c) even LDPS and lst-JDC’s allege 2nd felony 5/29/13 expiration date, U.S. company use determined hire or not, used calculate plaintiff’ last felony sentence expiration date over 5, 7 or 10 year; (d) La. voters Registration use 5/29/15 expiration date deprive voting.
2. Whether East Baton Rouge proper venue to correct LDPSC 30 years old arbitrary amended August 12, 1988 expiration date?

ERROR

East Baton Rouge correct venue for Commissioner Lawrence not arbitrary delay 1st felony 8/12/88 expiration date correction Writ of Habeas Corpus judicial review immediate release; by' (a), correction would had grant owed good time; (b) correct 8/12/88 expiration date, annul HFC Enhanced 15year sentence; (c) correct 8/12/88 expiration date, annul La. R.S. 14:95.1 prohibiting requirement and ex-con with a fir[e]arm; (c) moot explained above.

. We note that at the first hearing (before Commissioner John Smart), Black represented that, and was allowed additional time to gather, “newly discovered” evidence he asserted would prove his allegation of a miscalculation of time. Black was granted a second hearing on this issue, and still failed to prove any alleged miscalculation.