KEITH BRYANT          *        NO. 2023-C-0786

VERSUS                *

                                 COURT OF APPEAL

THE STATE OF LOUISIANA,      *
THROUGH THE                      FOURTH CIRCUIT
DEPARTMENT OF PUBLIC     *
SAFETY AND CORRECTIONS;      STATE OF LOUISIANA
SECRETARY JAMES W.        * * * * * * *
LEBLANC, ANGELA GRIFFIN
AND OTHER UNKNOWN
DEFENDANTS

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00473, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge
Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Karen K. Herman)

Jeff Landry
ATTORNEY GENERAL
Phyllis E. Glazer
Christopher J. Rouse
Assistant Attorney General
Louisiana Department of Justice
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, LA 70802

      COUNSEL FOR RELATORS - DEFENDANTS, STATE OF LOUISIANA
      THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND
      CORRECTIONS; SECRETARY JAMES LEBLANC; AND ANGELA
      GRIFFIN

William Most
Caroline Gabriel
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170

      COUNSEL FOR RESPONDENT - PLAINTIFF, KEITH BRYANT

          **WRIT GRANTED; JUDGMENT VACATED AND RENDERED**
                                          **APRIL 17, 2024**

Relators-Defendants, the State of Louisiana, through the Department of Public Safety and Corrections, Secretary James W. LeBlanc, and Angela Griffin ("Defendants") seek supervisory review from the trial court's September 19, 2023 judgment, which denied their motion for summary judgment. For the following reasons, we grant the writ application, vacate the trial court's judgment, and render judgment in favor of Defendants.

**FACTUAL AND PROCEDURAL HISTORY**

On April 16, 2017, Respondent-Plaintiff, Keith Bryant ('Plaintiff"), was arrested and charged with aggravated second-degree battery.[1] Plaintiff was unable to post bail and remained incarcerated through the pendency of the criminal proceedings. Plaintiff pled guilty as charged on January 11, 2018, and was sentenced to serve one year at hard labor in the custody of the Department of Corrections, with credit for time served. Plaintiff was released from custody on April 18, 2018.

---

[1] Aggravated battery is "battery committed with a dangerous weapon," a violation of La. R.S. 14:34. Second degree battery is "battery when the offender intentionally inflicts serious bodily injury," a violation of La. R.S. 14:34.1. Both are crimes of violence. La. R.S. 14:2(B)(5)) & (6).

1

On January 14, 2019, Plaintiff filed the instant suit alleging Defendants detained him beyond his legal sentence after he had pled guilty. The petition alleged that "under La. R.S. 15:571.3, [Plaintiff] was eligible to earn good-time credit and could have only served seventy-five percent of his [one year] sentence – or a total of 274 days." Instead, Plaintiff served the full sentence of one year. Plaintiff alleged he should have been released from the custody of the DOC on or before January 14, 2018, and that he was "over[-]detained" by approximately ninety-five days.[2] Plaintiff claims that his continued detention past his good-time release date violated his federal and state rights to due process of law, and caused injury due to, among other things, false imprisonment and intentional infliction of emotional distress.[3]

On May 10, 2019, Defendants removed the suit to federal court to address Respondent's federal damage claims and on August 26, 2019, filed a motion to dismiss. The Eastern District Court granted the motion to dismiss, stating "[b]ecause Plaintiff is seeking monetary damages pursuant to [42 USC] §1983 for an alleged unconstitutional over-detention and has not satisfied the favorable termination requirement of *Heck* [*v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372 (1994)], he fails to state a claim under § 1983 upon which relief may be granted." *Bryant v. Louisiana Dep't of Pub. Safety & Corr.*, *unpub.*, 2019 WL

---

[2] Plaintiff alleged he should have been released from "the custody of the DOC on or before January 14, 2018." However, in the opposition to the motion for summary judgment, Plaintiff argued that he should have been released "on or before February 21, 2018."

[3] The petition asserts several claims against Defendants, including violation of the Fourteenth Amendment's Due Process Clause pursuant to 42 U.S.C. § 1983; violation of Article 1, § 2 of the Louisiana Constitution; Monell violation of § 1983 based on DPSC's policies and practices; false Imprisonment; intentional infliction of emotional distress; negligence; negligent infliction of emotional distress; and respondeat superior liability of the State.

5538054, at *3 (E.D. La. 10/25/19). The Eastern District then remanded the matter to the state court to address Plaintiff's state law claims.

Thereafter, Defendants filed a motion for summary judgment seeking to dismiss Plaintiff's state law claims against them because these claims bear on the nature and duration of his confinement and are thus barred by the doctrine set forth in *Heck*. Defendant also argued that under *Stemley v. Goines*, 2006-1556 (La. App. 4 Cir. 4/11/07), 954 So.2d 403, proper jurisdiction for actions contesting computation of good time dates is East Baton Rouge Parish.

The motion came for hearing before the trial court on September 8, 2023 and the trial court denied the motion for summary judgment from the bench. The trial court executed a judgment to that effect on September 19, 2023.

This writ application followed.

**LAW & DISCUSSION**

"It is well-settled law that '[t]his Court reviews the granting of '[a] summary judgment on appeal *de novo*, using the same criteria that govern the [district] court's determination of whether summary judgment is appropriate.' " *Williams v. Infirmary*, 2023-0180, p. 6 (La. App. 4 Cir. 12/20/23), —— So.3d ——, ——, 2023 WL 8798466, at *3 (quoting *Sebble on Behalf of Est. of Brown v. St. Luke's #2, LLC*, 2022-0620, p. 4 (La. App. 4 Cir. 3/6/23), 358 So.3d 1030, 1034). "Generally, on a motion for summary judgment, the burden of proof remains with the mover." *Id.* (quoting *Everett v. Air Prods. & Chems., Inc.,* 2022-0539, p. 6 (La. App. 4 Cir. 5/2/23), —— So.3d ——, ——, 2023 WL 3193154, at *3). "But, if the moving party will not bear the burden of proof on the issue at trial and identifies an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support

3

sufficient to counter that assertion and establish that he will be able to satisfy his evidentiary burden of proof at trial." *Id*., pp. 6-7, —— So.3d at ——, 2023 WL 8798466 at *3 (quoting *Cooper v. Brisco*, 2022-0196, p. 4 (La. App. 4 Cir. 10/18/22), 366 So.3d 552, 555). "However, if the opponent of the motion cannot do so, there is no genuine issue of material fact and summary judgment will be granted." *Id*. (quoting *Cooper*, 2022-0196, pp. 4-5, 366 So.3d at 556 and *Ely Edwards Enters., Inc. v. Pontchartrain Park CDC Real Estate Holdings, LLC*, 2021-0623, pp. 5-6 (La. App. 4 Cir. 4/13/22), 338 So.3d 50, 53).

Although styled as a motion for summary judgment, this case really presents a question of jurisdiction. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." *St. Bernard Par. Gov't v. Perniciaro*, 2019-0604, p. 4 (La. App. 4 Cir. 3/11/20), 364 So.3d 185, 188 (quoting La. C.C.P. art. 2). "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." *Id*. (citing La. C.C.P. art. 3).

The lack of subject matter jurisdiction "can be recognized by the court at any time, with or without formal exception." *VCS, LLC v. Louisiana Dep't of Econ. Dev.*, 2023-0548, p. 6 (La. App. 1 Cir. 11/9/23), 379 So.3d 54, 58 (citing La. C.C.P. art. 927(A)(8) and (B)); *see also Bass P'ship v. Gravolet,* 2012-0024, p. 28 (La. App. 4 Cir. 11/21/12), 105 So.3d 224, 239 (the lack of subject matter jurisdiction "may be raised at any time, even by the court on its own motion, at any stage of an action").

4

The Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171, *et seq.,* authorizes the Department of Public Safety and Corrections to adopt administrative remedy procedures for receiving, hearing, and disposing "of any and all complaints and grievances by adult or juvenile offenders against the state…" La. R.S. 15:1171(B). These procedures are the "exclusive remedy" for such grievances, including actions pertaining to "time computations." *Id.*; *see also Branch v. La. Dept. of Pub. Safety and Corr's*, 2012-0749, p. 2 n. 1 (La. App. 1 Cir. 12/21/12), 111 So.3d 1059; *Owens v. Stalder*, 2006-1120, p. 3 n. 5 (La. App. 1 Cir. 6/8/07), 965 So.2d 886, 888 ("a prisoner alleging an error in time computation must pursue his claim through CARP, with appellate review first at the district court and then with this court"). La. R.S. 15:1174(2) defines an "offender" as "an adult or juvenile *offender who is in the physical or legal custody* of *the Department of Public Safety and Corrections*, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises. *Any subsequent event, including* post-trial judicial action or *release from custody, shall not affect status as an 'offender'* for purposes of this Part." (Emphasis added).

In their writ, Defendants argue that Orleans Parish Civil District Court lacks jurisdiction over Plaintiff's claims because La. R.S. 15:571.15[4] mandates that jurisdiction for actions contesting sentence computations, including good time, is solely in East Baton Rouge Parish, citing *Stemley*, 2006-1556, 954 So.2d 403.

---

[4] La. R.S. 15:571.15 provides in pertinent part:

> Venue in any action in which *an individual committed to the Department of Public Safety and Corrections* contests the computation of his sentence or sentences, discharge, *good time dates*, or any action concerning parole *shall* be in the parish of East Baton Rouge.

(emphasis added).

They also contend that Plaintiff's damages claims cannot be adjudicated until he obtains a favorable adjudication of the alleged error in his sentence computation through CARP. Defendants further argue that Plaintiff's civil damages claims cannot be adjudicated until the validity of his criminal sentence is determined by the appropriate adjudicating body pursuant to the *Heck* doctrine.

However, Plaintiff argues that Orleans Parish has jurisdiction to hear his claims because La. R.S. 15:571.15 applies only to claims by currently incarcerated persons, which he is not; and that *Heck* does not apply to his claims because he does not challenge his conviction or sentence, only his wrongful detention after completing his legal sentence.

In *Stemley*, 2006-1556, p. 1, 954 So.2d at 403, an inmate filed suit in Orleans Parish alleging that there was an error in the computation of his good time credits and wrongful incarceration and/or false imprisonment stemming from the error in calculation of his good time. The trial court dismissed the lawsuit, finding that the trial court lacked jurisdiction[5] and that "pursuant to La. R.S. 15:571.15, the 19th Judicial District Court has jurisdiction over questions concerning the computation of discharge times for prisoners." *Id*. at p. 2, 954 So.2d at 404. This Court affirmed the trial court's decision, stating in relevant part:

> La. R.S. 15:571.15 mandates that venue for actions contesting computation of sentence, discharge, parole, and good time dates shall be brought in the parish of East Baton Rouge. *See State v. Robinson,* 2001–1458, p. 6 (La. App. 4 Cir. 4/24/02), 818 So.2d 246, 250.[6] Moreover, it is clear that an assessment of damages cannot be made unless and until the 19th Judicial District Court rules in Stemley's favor on the petition for review.

---

[5] Although the trial court dismissed the petition based on lack of jurisdiction, the defendants filed an exception of improper venue.

[6] *Robinson*, 2001-1458, p. 6, 818 So.2d at 250, stated "the 19th JDC has jurisdiction over questions concerning the computation of discharge times for prisoners."

*Id.* at pp. 4-5, 954 So.2d at 405.

Similarly, here, because Plaintiff is challenging the calculation of his good time dates, only East Baton Rouge has subject matter jurisdiction. Additionally, the fact that Plaintiff is not currently incarcerated is irrelevant to the application of La. R.S. 15:571.15 because CARP applies to offenders, whether or not they are released from custody. *See* La. R.S. 15:1174(2); *see also Black v. LeBlanc*, 2015-1917, p. 5 (La. App. 1 Cir. 6/3/16), 197 So.3d 215, 218 (an offender's claim under CARP requesting resentencing for recalculation of good time credit, was not rendered moot by his subsequent release from custody).

The First Circuit has also recognized that any complaint pertaining to time computation must be made under CARP "before seeking remedy from the district court." *State v. Jones, unpub.*, 2023-0590, p. 1 (La. App. 1 Cir. 9/11/23) 2023 WL 5953527 at *1 (citing *Briscoe v. Department of Public Safety and Corrections, unpub.*, 2017-0470 (La. App. 1 Cir. 7/24/17), 2017 WL 3124096; *Madison v. Ward*, 2000-2842, p. 11 (La. App. 1 Cir. 7/3/02), 825 So.2d 1245, 1255 (en banc), superseded by statute on other grounds); *State v. Roussell, unpub.,* 2022-0227 (La. App. 1 Cir. 6/21/22) 2022 WL 22319492022-0227; *see also Williams v. Creed*, 2007-0614, p. 4 (La. App. 1 Cir. 12/21/07), 978 So.2d 419, 422 (a "prisoner alleging an error in computation of good time must pursue his claim through the administrative remedy procedure [CARP], with appellate review first at the district court and then with this court [the First Circuit]"). Accordingly, Plaintiff must raise his challenges to his good time credit in East Baton Rouge before proceeding with his damage claims in Orleans Parish.

In *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372, the United States Supreme Court held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Thus, the *Heck* Court concluded, "when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372.

This Court has determined that the *Heck* doctrine "is applicable to state law claims that challenge the legitimacy of a criminal conviction." *Barker v. H2 Law, LLC*, 2022-0629, p. 4 (La. App. 4 Cir. 10/10/22), 366 So.3d 540, 543 (no cause of action for legal malpractice by plaintiff convict where claims involve collateral attack on conviction); *see also Lemoine v. Wolf*, 2014-1546, pp. 8-9 (La. 3/17/15), 168 So.3d 362, 368 (noting that one rationale for the "bona fide termination favorable to the [ ] plaintiff" requirement in a malicious prosecution claim is *Heck*'s holding that "civil tort actions are not appropriate vehicles to challenge validity of outstanding criminal judgments").

Plaintiff asserts that *Heck* is inapplicable because he is not challenging his one-year sentence issued by the trial court, but rather, the calculation of his good time credits. However, as noted above, an offender's claim regarding the

8

computation of good time credit must be addressed through CARP. *See* La. R.S. 15:571.15; *Williams*, 2007-0614, p. 4, 978 So.2d at 422; *Madison*, 2000-2842, p. 11, 825 So.2d at 1255.

Without a ruling issued through CARP and the 19th Judicial District Court of East Baton Rouge Parish on the calculation of his good time dates, damages for Plaintiff's claims of wrongful detention cannot be assessed. Moreover, because La. R.S. 15:571.15 mandates that actions contesting good time dates be brought in East Baton Rouge, the trial court lacked authority over the instant lawsuit. *Stemley*, 2006-1556, pp. 4-5, 954 So.2d at 405. Prior to addressing Plaintiff's underlying claim for damages, Plaintiff must first obtain a ruling on the appropriateness of his good time dates. As such, we grant the writ, finding Civil District Court lacks subject matter jurisdiction.

**CONCLUSION**

For the above stated reasons, we grant the writ application, vacate the trial court's judgment, and render judgment in favor of Defendants.

**WRIT GRANTED; JUDGMENT VACATED AND RENDERED**