United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41013
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO ALEJANDRO SAUCEDO-ROMAN, also known
as Mauricio Saucedo-Roman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:05-CR-131-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mauricio Alejandro Saucedo-Roman (Saucedo) appeals the sentence imposed by the district court following his guilty-plea conviction for illegal reentry into the United States after deportation. He argues that the district court erred in increasing his offense level under the Sentencing Guidelines based on a determination that his prior Michigan conviction for felonious assault was a crime of violence under U.S.S.G. § 2L1.2. The district court determined that the increase was warranted because

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Michigan felonious-assault offense was the equivalent of aggravated assault, one of the enumerated crimes of violence under § 2L1.2(b)(1)(A)(ii) & comment.(n.1(B)(iii)). We review the district court's legal characterization of Saucedo's prior conviction under § 2L1.2 de novo. See United States v. Sanchez-Ruedas, 452 F.3d 409, 412 (5th Cir. 2006), cert. denied, (Oct. 2, 2006) (No. 06-5932).

A prior conviction will qualify as a crime of violence if it is specifically enumerated in § 2L1.2, comment. (n.1(B)(iii)), regardless whether it has the use of force as an element. United States v. Izaguirre- Flores, 405 F.3d 270, 275 n.14 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). In determining whether a state conviction constitutes an "enumerated offense" for purposes of § 2L1.2's crime-of-violence enhancement, the court uses a "common sense approach," defining each enumerated offense by its "generic, contemporary meaning." Id. at 275 & n.16.

Under the Michigan Penal Code, "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty" of felonious assault. MICH. COMP. LAWS § 750.82 (2002). The Model Penal Code states: "A person is guilty of aggravated assault if he: (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of

2

human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another." Model Penal Code § 211.1(2).

Michigan's provision is sufficiently similar to the generic contemporary definition of aggravated assault to qualify as an enumerated crime of violence. Saucedo's argument that the offense of felonious assault does not fall within the ordinary meaning of aggravated assault because, under Michigan law, felonious assault can be committed in ways that do not involve bodily injury is without merit. See Sanchez-Ruedas, 452 F.3d at 413. His argument that Michigan felonious-assault offenses include battery offenses which may be committed by mere offensive touching also is without merit. Id.

Saucedo's constitutional challenge to 18 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Saucedo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.