United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40206

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSWALDO PEREIRA-CARBALLO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-896-ALL

_____

Before JOLLY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oswaldo Pereira-Carballo (Pereira) pled guilty to a single-count indictment charging that he illegally entered the United States after having been deported. The presentence report (PSR) recommended that Pereira's offense level be increased by 16 levels based upon Pereira's 2002 conviction for assault with a dangerous weapon in the District of Columbia. According to the indictment Pereira "assaulted Wilmer Ruiz with a dangerous weapon, that is, a machete." The district court agreed, noting that Pereira's prior offense was "labeled very clearly in the official charging papers

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as an assault with a dangerous weapon," and sentenced Pereira to 57 months of imprisonment.

Pereira argues that his assault with a dangerous weapon conviction in the District of Columbia does not qualify as a crime of violence because it "can be committed in ways that do not involve the attempt to cause or the causation of any type of bodily injury." This argument is frivolous. Under our precedent, the generic contemporary meaning of aggravated assault does not require that the defendant have caused or intended to cause bodily injury. See United States v. Sanchez-Ruedas, 452 F.3d 409, 413-14 (2006); United States v. Saucedo-Roman, 202 Fed. Appx. 723, 724 (5th Cir. 2006) (unpublished). We therefore find that the district court did not err in concluding that Pereira's prior offense is a crime of violence.

Pereira also argues that the "felony" and "aggravated felony" provisions of § 1326(b)(1) and (2) are unconstitutional facially and as applied to this case. He acknowledges however, that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but raises it to preserve the challenge for further review.

The judgment of the district court is

AFFIRMED.

2