United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO AVILA-NAVA, also known
as Miguel Lopez-Cardenas,
also known as Ricardo Madrigal
Avila-Nava,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-434-ALL

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:*

Ricardo Avila-Nava appeals the 46 month sentence imposed in
August 2006 by the district court following his guilty-plea
conviction of illegal reentry following deportation. He argues
that the district court erred in increasing his offense level under
the Sentencing Guidelines based on a determination that his prior

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Michigan conviction for attempted felonious assault with a knife (Mich. Compiled Laws § 750.82) was a crime of violence under U.S.S.G. § 2L1.2 (producing an otherwise unchallenged advisory guideline sentencing range of 46-57 months).

Avila-Nava acknowledges that we determined in *United States v. Saucedo-Roman*, 202 F. App'x 723 (2006), that the Michigan offense of felonious assault is a crime of violence because it falls within the definition of the enumerated offense of aggravated assault. He notes that *Saucedo-Roman* is nonprecedential and argues that it was wrongly decided. *Saucedo-Roman* is consistent with our published opinion in *United States v. Sanchez-Ruedas*, 452 F.3d. 409 (5th Cir.), *cert. denied*, 127 S.Ct. 315 (2006).[1] Moreover, "[a]n attempt to commit an offense that qualifies as a crime of violence is also a crime of violence." *United States v. Tzep-Mejia*, 461 F.3d 522, 525 n.4 (5th Cir. 2006). The district court did not err by adjusting Avila-Nava's offense level.

Avila-Nava's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although he contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the

---

[1]*See also, e.g., United States v. Mungia-Portillo*, ___ F.3d ___ (slip op. 2458, #06-40273, 5th Cir., April 17, 2007).

basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Avila-Nava properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.