# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2012

No. 11-20142
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN SIROS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-646-2

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jonathan Siros appeals the 262-month sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine. Although the government invokes the provision in Siros's written plea agreement that waived his right to appeal the sentence, we need not decide whether to enforce the appeal waiver in this case because Siros's claims are meritless. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[Q]uantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 cmt. n.12. Siros argues that the district court should not have included a separate four-kilogram cocaine transaction in the calculation of his drug quantity because the presentence report (PSR) lacked sufficient indicia of reliability. We review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Here, the PSR's description of the events came from drug seizures, wiretaps, and the debriefings of a confidential source. The information in the PSR was consistent with the written factual basis for Siros's guilty plea, his admissions at the rearraignment, and statements by his co-defendant. "Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). There was no clear error.

"If the defendant clearly demonstrates acceptance of responsibility for his offense," the district court may reduce his offense level. § 3E1.1(a). Siros argues that the district court erred in denying him such a reduction. However, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1 cmt. n.1(a). Siros contested the district court's findings that he was an organizer or leader of criminal activity, that he possessed firearms, and that he was involved in other relevant conduct. Some of his denials were inconsistent with his own admissions to the court. He cannot show that the district court's finding that he did not clearly demonstrate acceptance of responsibility for his offense was "without foundation." *United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009) (internal quotation marks and footnote citation omitted).

AFFIRMED.