# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10859
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ROMERO-MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-59-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Oscar Romero-Molina appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal. He asserts that the appeal waiver in his sentencing agreement is unenforceable because the Government refused to move for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) unless he agreed to waive his right to appeal. He also challenges the district court's imposition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10859

a 16-level sentencing enhancement under U.S.S.G. § 2L1.2. As discussed below, because Romero-Molina has not shown that the district court plainly erred in imposing the sentencing enhancement, we need not address whether he knowingly and voluntarily waived his right to appeal. *See United States v. Siros*, 469 F. App'x 373, 374 (5th Cir. 2012) (per curiam) (citing *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006)).

According to Romero-Molina, the district court plainly erred in imposing a 16-level sentencing enhancement under § 2L1.2(b)(1)(A)(ii) based on his prior conviction for assault with a dangerous weapon under District of Columbia Code § 22-402. He maintains that his prior conviction does not meet the generic definition of aggravated assault because the statute does not require an assault.

As Romero-Molina concedes, review is limited to plain error because he did not object to the enhancement in the district court. *See United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam). To show plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court did not plainly err in imposing the § 2L1.2(b)(1)(A)(ii) sentencing enhancement. We have not addressed whether a conviction for assault with a dangerous weapon under D.C. Code § 22-402 is a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) in a published opinion. In an unpublished opinion, we held that the district court did not err in imposing a crime-of-violence enhancement for a District of Columbia conviction for assault with a dangerous weapon because "the generic contemporary meaning of

2

aggravated assault does not require that the defendant have caused or intended to cause bodily injury." *United States v. Pereira-Carballo*, 230 F. App'x 460, 461 (5th Cir. 2007) (per curiam). To rise to the level of plain error, a "legal error must be clear or obvious, rather than subject to reasonable debate." *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009) (internal quotation marks and citation omitted). Because of the lack of published authority addressing this issue, Romero-Molina has not shown that the district court plainly erred in imposing the § 2L1.2 sentencing enhancement. *See id.*; *see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (holding that a claim that is "novel" and "not entirely clear under the existing case authority" is "doom[ed] . . . for plain error" (internal quotation marks omitted)).

AFFIRMED.