504 So.2d 1100 (1987)
STATE of Louisiana
v.
David GAMBLE.
No. 86-KA-599.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1101 John H. Craft, Staff Appellate Counsel, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Paul Connick and Dorothy A. Pendergast, Asst. Dist. Attys., Twenty-Fourth Judicial Dist., Jefferson Parish, Gretna, for appellee.
Before CHEHARDY, C.J., and KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Defendant, David Gamble, appeals his conviction of attempted crime against nature. (LSA-R.S. 14:27; 14:89). Following his conviction, he was sentenced to one year at hard labor, which was suspended. He was then placed on inactive probation for one year with the condition that he serve 30 days in the parish prison, with credit for time served. The defendant was fined $250 and also was ordered to pay $205 in costs and fees.
On appeal, defendant contends the evidence was insufficient to justify the verdict and that the court erred in denying his motion for a directed verdict. Defendant further requests this court to examine the record for patent error.
On September 20, 1984, Patrolman Melvin Collongues was working undercover at the Express Bookstore in Gretna, Louisiana. As part of his duty, Collongues entered one of the booths at the back of the store and put a quarter in a machine to watch a movie. After seating himself, Collongues testified he observed a waist high, 4-inch hole in the left wall of the booth. A few minutes later, the patrolman stated he saw a finger enter through the hole making a beckoning motion. The patrolman testified the finger then withdrew following which a large moustache and mouth appeared at the hole. At that point, the patrolman testified he exited the booth and signaled to Officer Paul Livaudais. Officer Livaudais stated he then watched the booth adjoining the patrolmen's. When defendant exited, he placed him under arrest.
Testifying on his own behalf, the defendant admitted to being in a booth in the bookstore. However, he denied the allegations that he placed a finger or his mouth through the hole in the booth.
Defendant first asserts that the evidence was insufficient to convict him of attempted crime against nature, and that the trial court erred in denying his motion for a directed verdict of acquittal. In this regard, defendant asserts that it was only the patrolman's opinion that the man in the adjoining booth suggested an act of oral intercourse. Defendant contends the evidence does not demonstrate a specific intent to consummate that suggestion.
The standard used by an appellate court in assessing the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of each element of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 490 So.2d 255 (La.1986); State v. Cathey, 493 So.2d 842 (La.App. 5 Cir.1986).
The defendant herein was convicted of attempted crime against nature in violation of R.S. 14:27; 14:89. The offense of crime against nature (R.S. 14:89) is defined as:
"(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; *1102 and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime."
Oral genital conduct has been held to fall within the conduct prohibited by R.S. 14:89. See State v. Phillips, 365 So.2d 1304 (La. 1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).
An attempt to commit a crime is defined by R.S. 14:27, in pertinent part, as follows:
"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
In the present case, the patrolman testified that someone first placed a finger and then a mouth in a hole in the wall of a booth adjoining the one in which he was located. That person shortly thereafter exited the booth and was immediately arrested and identified as defendant. Although the defendant denied the allegations, the trial judge believed the testimony of the police officers. Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant had the specific intent to commit the crime of unnatural carnal copulation, and that he did an act toward the accomplishment of that goal beyond a reasonable doubt.
Defendant also assigns as error any and all errors patent on the face of the record. In this regard LSA-C.Cr.P. art. 920 provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Sharlow, 493 So.2d 213 (La.App. 5 Cir.1986).
A review of the record reflects two patent errors, the first of which is that the trial court failed to wait 24 hours after its denial of defendant's motion for new trial before sentencing defendant. The record does not indicate defendant waived the delay. LSA-C.Cr.P. art. 873. Such error, however, is harmless absent a showing of prejudice by defendant. State v. Salgado, 473 So.2d 84 (La.App. 5 Cir.1985), writ denied, 478 So.2d 1233 (La.1985). No such showing was made in this case.
Secondly, we note the defendant was tried by the judge and there is no statement regarding his waiver of his right to a jury trial prior to trial. However, the trial transcript reflects the defendant was informed of his right and chose to proceed to trial without a jury. Since no special form is required for a defendant to waive his right to a jury trial, we do not find the conviction constitutionally invalid.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.