SHORTESS, Judge.
On December 14, 1983, James E. Cox was sentenced to serve 21 years in prison for manslaughter. Effective August 30, 1986, the State enacted LSA-R.S. 15:571.-14, which permitted a prisoner to opt to receive increased diminution of sentence for good behavior (double good time) in lieu of incentive wages.[1] Cox was not eligible for double good time under the original version of R.S. 15:571.14[2] because the Legislature provided it applied “only to persons convicted of an offense and committed to the Department of Public gaiety and Corrections on or after the effective date of this Act.”
By Acts 1987, No. 848, § 1, effective January 1, 1988, the Legislature enacted LSA-R.S. 15:571.14(8).[3] That statute provided: “Only inmates sentenced to the custody of the department on or after July 1, 1982, and otherwise eligible for diminution of sentence, shall be eligible to receive increased diminution of senténce as provided for herein.” Since Cox was sentenced after July 1, 1982, he was then eligible for double good time. On December 29, 1987, Cox executed a “Double Good Time Option and Approval Form” in which he agreed to accept increased diminution of sentence for good behavior in lieu of incentive wages. The document was signed by John P. Whitley, Warden of Hunt Correctional Center, on January 7, 1988. Cox contends that at the time he executed the document he was led to believe he would receive double good time from the date of his sentencing, December 14, 1983. However, typed at the bottom of the form, under Cox’s signature, is a statement that Cox was approved for double good time effective August 30, 1986.
Plaintiff challenged the August 30, 1986, date through administrative remedies, without success. In June 1988 Cox petitioned for judicial review, naming as defendants Whitley, Carolyn Bullard, a records analyst, and Bruce Lynn, Secretary of the Department of Corrections (DOC). Cox filed a motion for judgment on the pleadings, which was argued April 17, 1991. The trial court dismissed Cox’s suit. Cox then filed this appeal.
The trial court adopted the findings of a commissioner for the Nineteenth Judicial District Court, who relied on the 1988 reenactment and amendment of R.S. 15:571.14 which added as R.S. 15:571.14(12): “No inmate shall receive increased good time under this Section prior to August 30, 1986.”[4] The commissioner found R.S. 15:571.14(12) was intended “to clarify the law that already existed.” Curiously, however, the commissioner also found no legal authority for DOC’s position that the 1987 enactment entitled Cox to credit retroactive to August 30, 1986. The commissioner found Cox should have begun to earn double good time only from the effective date of the 1987 act, January 1, 1988.[5]
After a thorough review of the record and the multitudinous amendments to R.S. 15:571.14, we find that the trial court committed legal error in finding Cox was not entitled to double good time retroactive to December 14, 1983, his date of sentencing. Had the Legislature intended in 1987 to limit prisoners’ credit for double good time to August 30, 1986 (or January 1, 1988), it could easily have provided so in Act 848. Since it failed to do so, we must assume it. intended to permit credit for double good time retroactive to date of sentencing, pro *160 vided sentencing was on or after July 1, 1982. The subsequent 1988 amendment of R.S. 15:571.14 which limited credit for double good time retroactive to August 30, 1986, could not divest Cox of his vested right to credit for double good time between December 14, 1983, and August 30, 1986.
For the foregoing reasons, we reverse the judgment of the trial court dismissing Cox’s suit and render judgment in favor of James E. Cox and against defendants. It is hereby ordered that the Department of Corrections amend the records of James E. Cox, including his Master Prison Record, to reflect credit for double good time earned from the date of imposition of sentence, December 14, 1983. Total costs of $643.56 are assessed to defendants.
REVERSED AND RENDERED.

. Acts 1986, No. 299, §§ 1 & 2.

. By Acts 1991, No. 138, § 3, R.S. 15:571.14 was repealed in its entirety. Section 1 of that act amended R.S. 15:571.3 to incorporate a double good time provision.

. Earlier in the same session of the Legislature, Acts 1987, No. 99, § 1, the Legislature enacted another version of R.S. 15:571.14(8) which read: "Inmates who commit and are convicted , of a felony while serving a sentence for a felony shall not be eligible to earn increased good time.” That version was impliedly repealed by Acts 1988, No. 848, § 1, when a totally different version of R.S. 15:571.14(8) was enacted. La. C.C. art. 8.

. Acts 1988, No. 376, § 1.

. The commissioner noted that the court would not interfere with the decision of the DOC to give Cox credit for double good time retroactive to August 30, 1986, since the decision benefitted Cox.