965 So.2d 886 (2007)
Kenneth W. OWENS
v.
Richard L. STALDER, Secretary of the Louisiana Department of Public Safety and Corrections, et al.
No. 2006 CA 1120.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
Kenneth W. Owens, Winnfield, Plaintiff-Appellant In Proper Person.
William L. Kline, General Counsel, Baton Rouge, for Defendants-Appellees Richard L. Stalder, Secretary of Louisiana Dept. of Public Safety and Corrections, et al.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
PARRO, J.
Kenneth W. Owens, an inmate in the custody of the Department of Public Safety and Corrections (DPSC), appeals a judgment of the district court that affirmed the decision of the DPSC and dismissed his petition for judicial review. We reverse, render judgment, and remand to the DPSC with instructions.

*887 BACKGROUND
Owens was sentenced on January 4, 1989, to serve twenty-one years with DPSC as a second felony offender, which sentence was to run consecutively with a sentence of nine years imposed the same date for the crime of attempted manslaughter. On September 10, 2004, he filed a petition for judicial review styled as an "Emergency Writ of Habeas Corpus" in the Nineteenth Judicial District Court (19th JDC), seeking immediate release from custody on the basis that his "good time" credits had been miscalculated. He averred that if those credits had been correctly calculated, he already would have been released from custody.
Owens' complaint stated that for part of his sentence, DPSC had improperly computed his good time credits by applying Act 665,[1] which allowed an inmate to earn fifteen days of good time credit for every thirty days served. He claimed that this was the wrong statute to apply to his sentence, because the law was changed, effective January 1, 1988, by Act 848,[2] which applied to any inmate sentenced after July 1, 1982, and effectively allowed such inmates to be eligible to receive double good time credit of thirty days for every thirty days served. See former LSA-R.S. 15:571.14. Because he was sentenced on January 4, 1989, Owens contended that double good time credit should be applied to his entire sentence. Louisiana Revised Statute 15:571.14 was repealed in its entirety and the substance of its provisions was amended and re-enacted by 1991 La. Acts, No. 138, § 1,[3] effective January 1, 1992, which reiterated that an inmate could earn thirty days of good time credit for every thirty days served. However, the provisions of Act 138 applied only prospectively to those sentenced after its effective date, and for anyone already serving a sentence, the double good time credit was to apply only to the remaining portion of the sentence.
Owens claims that after passage of Act 138, he was offered the opportunity to choose double good time credit under its provisions. See LSA-R.S. 15:571.3. On August 24, 1992, he refused to sign the "Double Good Time Option and Approval Form" presented to him, alleging his credit should be computed retroactively to his original sentencing date, rather than prospectively from January 1, 1992. He claims that he was later informed that his double good time credit would be calculated as of the date when he was first sentenced. However, in 1997, he was again given the opportunity to select thirty days of good time credit for every thirty days served, under the provisions of LSA-R.S. 15:571.3, and he signed an approval form that stated he was eligible to receive good time credit at that rate, effective January 5, 1997.
Before filing his petition in the district court, Owens presented his complaint to the DPSC by initiating a Corrections Administrative Remedy Procedure (CARP).[4] His complaint was investigated, *888 and his request for re-computation of his good time credit was rejected at each level of that procedure. Having exhausted his administrative remedies, Owens filed his petition in the district court.[5] His claim and the evidence submitted in connection with it were evaluated by a commissioner,[6] who recommended to the district court judge that the final agency decision of DPSC be affirmed and that Owens' request for judicial review be dismissed with prejudice at his cost. Owens timely filed a traversal of this recommendation. On September 8, 2005, the district court judge signed a judgment affirming the DPSC decision as neither arbitrary, capricious, manifestly erroneous, nor in violation of any of Owens' constitutional or statutory rights. His petition was dismissed, with prejudice, at his cost. This appeal followed.[7]

APPLICABLE LAW
Louisiana Revised Statute 15:1177 provides for judicial review of an adverse decision by the DPSC. On review of the agency's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. LSA-R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken. LSA-R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9).
On review of the district court's judgment under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747 (La.App. 1st Cir.9/22/00), 770 So.2d 447, 450-51.

ANALYSIS
The commissioner's recommendation to the district court indicates that he *889 reviewed the record of the CARP procedure conducted by DPSC in reaching his conclusion that the DPSC decision was correct. The commissioner observed that the CARP second step response form stated that Owens had rejected double good time eligibility on August 24, 1992, and that Owens had acknowledged this at the initial hearing in the matter.[8] We note that Owens also provided this information in his original pleading in the district court. The commissioner further stated that the DPSC regulations provided that an inmate could not be deemed eligible for double good time credit until he signed an approval form. Since Owens did not sign such a form until January 17, 1997, the commissioner concluded that DPSC did not err in deeming him eligible to earn double good time only from January 5, 1997, rather than from his initial sentencing date of January 4, 1989. Therefore, according to the commissioner, the computation of his good time credit at the rate of only fifteen days for every thirty days served from his sentencing date of January 4, 1989, until January 5, 1997, and at thirty days for every thirty days served after that date, was correct. The district court judgment reflects this conclusion.
However, this conclusion is contrary to this court's judgment in Cox v. Whitley, 612 So.2d 158, 159-60 (La.App. 1st Cir. 1992), writ denied, 613 So.2d 1001 (La. 1993). In that case, the inmate had been sentenced on December 14, 1983, to serve twenty-one years in prison for manslaughter. This court noted that when Act 848 was enacted, it provided that inmates sentenced to the custody of DPSC on or after July 1, 1982, who were otherwise eligible for diminution of sentence, would be eligible to receive increased diminution of sentence in the amount of thirty days for each thirty days served. "Since Cox had been sentenced after July 1, 1982, he was then eligible for double good time." Cox, 612 So.2d at 159. However, he did not execute an approval form for double good time until December 29, 1987. That form stated beneath his signature that he was approved for double good time effective August 30, 1986. Like Owens, Cox had exhausted his administrative remedies and his petition for judicial review to the district court had been dismissed. This court found "that the [district] court committed legal error in finding Cox was not entitled to double good time retroactive to . . . his date of sentencing." Id. This court further stated that subsequent amendments of the statutes limiting credit for double good time could not be applied retroactively to divest Cox of his vested right to credit for double good time between his sentencing date and the date he was deemed eligible after signing the approval form. See Cox, 612 So.2d at 160.
Our decision in this case is controlled by Cox. Even though DPSC regulations may have required Owens to sign an approval form in order to be eligible for double good time credits, DPSC presented no evidence that it ever offered Owens the opportunity to sign a form that stated and recognized the correct effective date. And just as in the Cox case, Owens' right cannot be limited by his signature on an approval form reflecting the application of a subsequent amendment to the statute and providing a later effective date for his double good time credit. Therefore, the judgment of the district court constituted legal error and must be reversed.

CONCLUSION
We hereby reverse the judgment of the district court dismissing Owens' suit and *890 render judgment in favor of Kenneth W. Owens and against the DPSC.[9] It is hereby ordered that this matter be remanded to the DPSC to amend the records of Kenneth W. Owens, including his Master Prison Record, to reflect appropriate credit for double good time earned from the date of imposition of sentence, January 4, 1989. Total costs of this appeal, in the amount of $261.38, are assessed against DPSC.
REVERSED, RENDERED, AND REMANDED TO DPSC WITH INSTRUCTIONS.
NOTES
[1] This law was enacted by 1977 La. Acts, No. 665, § 1, and was codified at that time as LSA-R.S. 15:571.4(C). Act 665 provided that for convictions after September 9, 1977, an inmate could earn fifteen days of good time credit for every thirty days served.
[2] This law was enacted by 1987 La. Acts, No. 848, § 1, and was codified at that time as LSA-R.S. 15:571.14(8).
[3] See LSA-R.S. 15:571.3(A) and (B)(1).
[4] See LSA-R.S. 15:1171, et seq. Louisiana Revised Statute 15:1171(B) grants authority to the DPSC to adopt administrative remedy procedures in compliance with federal law to receive, hear, and dispose of all offender complaints and grievances. The statute further provides that such complaints and grievances include actions pertaining to time computations, "even though urged as a writ of habeas corpus," and that such administrative remedy procedures are to provide the exclusive remedy to the offender for complaints governed thereby. See Madison v. Ward, 00-2842 (La. App. 1st Cir.7/3/02), 825 So.2d 1245, 1251-52 (en banc).
[5] A prisoner alleging an error in time computation must pursue his claim through CARP, with appellate review first at the district court and then with this court. Madison, 825 So.2d at 1255.
[6] The office of commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5).
[7] LSA-R.S. 15:1177 provides that an aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.
[8] The form presented to Owens in 1992 was not in the record. However, the DPSC stated in its second step response, "Our record indicates that you refused to sign the option form on August 24, 1992, later signing the form on January 17, 1997, effective January 5, 1997."
[9] Although Owens named a number of other persons employed in various capacities by DPSC, his claims against them all involved the calculation of his good time credit, which is ultimately the responsibility of DPSC. By our action in this case, those allegations are moot.