HUGHES, J.
 

 [¡.The defendant, Cody Coleman, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64, and aggravated battery, a violation of LSA-R.S. 14:34. He pled not guilty. The defendant waived his right to a jury trial and elected to be tried by the district court judge. At the conclusion of a bench trial, the defendant was convicted as charged on both offenses. The defendant was sentenced to imprisonment at hard labor for forty years without benefit of parole for the armed robbery conviction. He received a concurrent term of imprisonment at hard labor for five years on the aggravated battery conviction. The court noted that the defendant’s convictions were for crimes of violence and restricted diminution of the sentences for good behavior under LSA-R.S. 15:571.3. The defendant now appeals, urging the following assignments of error:
 

 1. The trial court erred and/or abused its discretion in permitting the defendant to waive his constitutional right to trial by a jury.
 

 2. The sentences imposed illegally prohibit the defendant from receiving any diminution of sentence.
 

 Finding no merit in the assigned errors, we affirm the defendant’s convictions and sentences.
 

 FACTS
 

 On January 26, 2008 the victim, Courtney Moore, was sitting in his car outside a friend’s house when the defendant, Moore’s cousin, walked up. Moore was talking on his cellular phone and did not think much of the fact that the defendant entered his vehicle and sat in the back seat. Shortly thereafter, the defendant grabbed Moore around the neck, placed a revolver to his head, and demanded that Moore “give him everything.” Although Moore advised that he did not have anything, the defendant continued to | odemand money. As the defendant held Moore by his neck, another unidentified male entered the vehicle and checked Moore’s pockets. When Moore insisted that he did not have any money, the defendant grew angry and struck him on the head with the handle of the revolver. The defendant took the two cellular phones that Moore had on his lap and exited the vehicle. As he walked down the street, the defendant, still quite angry, slammed both of Moore’s phones on the ground. Moore exited his vehicle and ran to the vehicle of his friend,
 
 *1098
 
 Cody Wheaton, who was parked nearby. Moore used Wheaton’s cellular phone to contact his mother. Moore’s mother later reported the matter to the Thibodaux police. Moore received treatment for a cut on his head at a local hospital.
 

 JURY TRIAL WAIVER
 

 In this assignment of error, the defendant contends that the trial court erred in allowing him to waive his right to jury trial. Specifically, the defendant argues that the transcript of the jury trial waiver reflects that he was of limited mental capacity, and thereby unable to knowingly and intelligently waive his right to a jury trial. As evidence of his “limited mental capacity,” the defendant points out that: 1) he was willing to waive his right to a jury trial even though he later stated that he did not understand what a jury is or what a jury does; 2) he was confused about the actual charges for which he was to be tried; and 3) the judge had to advise him to behave himself at his trial.
 

 A defendant may waive his right to a jury trial and elect to be tried by the judge. LSA-C.Cr.P. art. 780(A). Generally, the waiver is to be entered at arraignment. However, the trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. LSA-C.Cr.P. art. 780(B). A [4waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly.
 
 See State v. Kahey,
 
 436 So.2d 475, 486 (La.1983). A waiver of this right is never presumed.
 
 State v. Brooks,
 
 2001-1138, p. 5 (La.App. 1st Cir.3/28/02), 814 So.2d 72, 76,
 
 writ denied,
 
 2002-1215 (La.11/22/02), 829 So.2d 1037. However, no special form is required for a defendant to waive his right to a jury trial.
 
 State v. Gamble,
 
 504 So.2d 1100, 1102 (La.App. 5th Cir.1987).
 

 The record in this case reflects that on April 20, 2009, the day before his trial, the court noted on the record that defense counsel mentioned the possibility of the defendant waiving his right to a jury trial. The defendant responded affirmatively when the court asked if he had participated in discussions regarding a jury waiver with his attorney. The defendant stated that he wanted to waive his jury-trial right. Before accepting the waiver, the trial judge conducted a colloquy to establish the defendant’s competency to waive his right to a jury trial. The judge explained that the defendant was charged with two felonies and thus, he had the right to elect to have a jury hear his case or to have the case decided by the judge. The defendant indicated that he understood this right. Next, the court asked, “Now do you know what a jury is? Do you understand what a jury is?” To this, the defendant replied, “No.” The judge explained:
 

 If you have a jury trial, you would have twelve people, twelve citizens who would hear the evidence from the witness stand and they would make the decision whether or not you are guilty or you are innocent of the charge of armed robbery and whether or not you are guilty or innocent of the charge of aggravated battery. They would make the decision about your guilt. I would sentence you. Okay.
 

 In response, the defendant stated that he was not charged with aggravated battery. The court explained that the state also alleged that the defendant committed an aggravated battery during the same event. The ^defendant advised, “but I was never charged — I was never booked or arraigned for aggravated battery.” The court requested that the clerk allow the defendant to review the bill of information. Meanwhile, the court again explained:
 

 So you understand what a jury does? It’s twelve people who are selected,
 
 *1099
 
 twelve citizens, and they listen to the evidence and they decide whether or not you’re guilty or innocent.
 

 If you have a trial with a Judge, I’m the Judge, I’m the person that listens to the evidence, and I decide whether or not you’re guilty or innocent.
 

 Do you understand the difference between the two?
 

 The defendant indicated that he understood the court’s explanation. After reviewing the bill of information and conferring with his attorney, the defendant advised the court that he wished to waive his right to a jury and proceed with a bench trial.
 

 Upon reviewing the entirety of the jury trial waiver proceedings in this case, we find that the defendant knowingly and intelligently waived his right to be tried by a jury and elected to be tried by the trial judge. Once the defendant indicated that he did not fully understand the role of a jury, the court thoroughly explained the difference between a bench trial and a jury trial in basic terminology. In response, the defendant indicated that he understood the court’s explanation. Thereafter, the defendant opted to waive his right to a jury. In addition to the express waiver, the transcript reveals that the defendant was aware and alert and able to make appropriate answers to the questioning by the court. The defendant’s argument that he was never “booked or arraigned” on the aggravated battery charge and his prior criminal history reflect that he had previous experience with the criminal justice system. These factors, coupled with the defendant’s statement that he | ¡^understood the court’s explanation regarding the jury, show that he understood the proceedings. Contrary to the defendant’s assertions, the facts that he initially claimed that he did not fully understand the role of a jury, he was mistaken as to the charges pending against him, and he exhibited disruptive behavior during court proceedings, prompting the court to issue a warning, do not show he was of limited intellectual capabilities. Thus, considering the colloquy between the trial judge and the defendant, as well as the defendant’s demonstrated awareness of the proceedings, we find that he knowingly and intelligently waived his right to a jury trial. This assignment of error lacks merit.
 

 LEGALITY OF SENTENCES
 

 In his second assignment of error, the defendant contends that the trial court erred in restricting diminution of sentence under LSA-R.S. 15:571.3.
 

 It is well settled that the provisions of LSA-R.S. 15:571.3 are directed to the Department of Corrections exclusively, and the sentencing judge has no role in the matter of good time credit.
 
 See State ex rel. Simmons v. Stalder,
 
 93-1852 (La.1/26/96), 666 So.2d 661 (quoting
 
 Jackson v. Phelps,
 
 506 So.2d 515, 517 (La.App. 1st Cir.),
 
 writ denied,
 
 508 So.2d 829 (La.1987)).
 

 However, there does exist an exception under LSA-C.Cr.P. art. 890.1 whereby the trial court may deny diminution of sentence for good behavior if the crime for which the sentence is imposed is a crime of violence.
 
 See
 
 LSA-C.Cr.P. art. 890.1(B). When denying the defendant’s right to credit against his sentence for good behavior under this provision, the trial judge “shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in [LSA] R.S. 14:2(B).” LSA-C.Cr.P. art. 890.1(A). In connection with the denial of 17eligibility for diminution of the sentences for good behavior, the trial court in this case specifically noted that both offenses are crimes of violence.
 
 See
 
 LSA-R.S. 14:2(B)(5) & (21). Accordingly, the
 
 *1100
 
 trial court’s imposition of restrictions on the diminution of the defendant’s sentences for good behavior was proper under Article 890.1(B). This assignment of error is without merit.
 

 CONVICTIONS AND SENTENCES AFFIRMED.