HIGGINBOTHAM, J.
[2Peshawn Branch is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department). Branch initially filed this matter in the Nineteenth Judicial District Court seeking judicial review of the Department’s denial of his request for administrative relief regarding the calculation of good time credits after his good time parole was revoked.[1] Relying on an amend *1060 ment to La. R.S. 15:571.S(B)(l)(a), by 2010 La. Acts, No. 649, effective October 15, 2010, Branch sought thirty-five days credit for every thirty days actually served on the period of time from his initial arrest/custody for possession of cocaine on November 19, 1996, to his release on good time parole supervision on May 4, 2008. Branch maintained that the Department had improperly computed his good time credits by only allowing the thirty-five-for-thirty rate on the period of time following his return to actual custody when his good time parole was revoked on September 10, 2009.[2]
At first, the action was referred to a commissioner for review pursuant to La. R.S. 15:1188, who found merit to Branch’s claims.[3] The district court then conducted a de novo review of the record and adopted the commissioner’s | ..¡recommendation, agreeing with Branch, and finding that the only reasonable interpretation of Act 649 was to apply it to all portions of an inmate’s sentence — even those time periods served before release on good time parole supervision. Consequently, on February 14, 2012, the district court signed a judgment reversing the Department’s decision. Additionally, the district court ordered the Department to recalculate Branch’s sen-fence after crediting him with five additional days of good time credit for every thirty days served in actual physical custody prior to Branch’s release on good time parole.
The Department filed a suspensive appeal, maintaining that the district court’s interpretation of Act 649 is manifestly erroneous.[4] The Department specifically asserts that any good time earned by Branch prior to his release on good time parole supervision was utilized to gain his release and that once Branch’s parole was revoked, he was returned to actual custody to serve the remainder of his sentence as of his release date. The Department argues that it has consistently considered any remaining sentence balance upon revocation of an inmate’s parole to essentially be a new and separate sentence with regard to newly enacted good time provisions.
On review of the district court’s judgment in a suit for judicial review pursuant to CARP, La. R.S. 15:1177, no deference is owed by the appellate court to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Goodin v. Secretary, Dept of Cor *1061 rections, 2011-0673 (La.App. 1st Cir.11/9/11), 79 So.3d 1076, 1079. Our de novo review of the record reveals that the district court erred in its interpretation of La. R.S. 15:571.3 as it applies to this particular inmate. We make this conclusion based on our finding |4that in addition to the initial sentence for possession of cocaine (sentenced on July 10, 1997), Branch was also serving one consecutive and one concurrent sentence for two counts of battery of a correctional facility officer (sentenced on December 10, 2002), which is considered a crime of violence and was specifically designated as a crime of violence by the sentencing judge. See La. R.S. 15:571.3(B)(l)(b)(iii) and La. R.S. 14:2(B)(41).[5] See also La. R.S. 14:34.2(A)(2).
The applicable version of La. R.S. 15:571.3(B)(1) and (2), as amended and reenacted by Act 649, provides in pertinent part:
B. (l)(a) Except as provided in Paragraph (B)(2) of this Section, every inmate in the custody of the department who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S. 14:2(B), ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as “good time.” ... The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty-five days for every thirty days in actual custody.
(b) The provisions of Subparagraph (a) of this Paragraph shall be applicable to persons convicted of offenses on or after January 1, 1992 and who are not serving a sentence for the following offenses:
(1) A sex offense as defined in R.S. 15:541.
(ii) A crime of violence as defined in R.S. 14:2(B).
(iii) Any offense which would constitute a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541, regardless of the date of conviction.
(2) An inmate convicted a first time of a crime of violence as defined in R.S. 14:2(B), shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody, including time spent in custody with good behavior prior to sentence for which defendant is given credit as authorized by Code of Criminal Procedure Article 880. [Emphasis added.]
The record on appeal shows that Branch was convicted of possession of cocaine for an offense he committed on November 19, 1996, and that while serving Lthe sentence on that particular conviction, he was convicted and sentenced on two counts of a crime of violence for battery of a correctional officer. Therefore, pursuant to clear exclusions in the applicable diminution-of-sentenee-for-good-behavior statute, Branch was ineligible to receive the good time rate of thirty-five days for every thirty days in actual custody. We conclude that the district court’s reversal of the Department’s administrative decision constituted legal error, because it does not comply with the statutory provisions of *1062 2010 La. Acts, No. 649, and therefore, must be reversed.
DECREE
For these reasons, the February-14, 2012 judgment of the district court is hereby reversed. Additionally, we order that this matter be remanded to the Department to amend the records of Desh-awn Branch, including his master prison record, to accurately reflect good time earned and/or the forfeiture of diminution of sentence, if any, in accordance with the applicable versions of La. R.S. 15:571.3(B)(l)(a).[6] Total costs of this appeal are assessed to Deshawn Branch.
REVERSED AND REMANDED.

. An inmate alleging an error in time computation must pursue his claim through a Corrections Administrative Remedy Procedure (CARP), with appellate review first at the district court and then with this court. Owens v. Stalder, 2006-1120 (La.App. 1st Cir.6/8/07), 965 So.2d 886, 888 n. 5. Branch’s petition for judicial review was styled as a "Writ of Habeas Corpus.” Louisiana Revised Statute 15:1171(B) grants authority to the Department to adopt administrative remedy procedures in compliance with federal law to receive, hear, and dispose of all inmate complaints and grievances. *1060 The statute further provides that such complaints and grievances include actions pertaining to time computations, "even though urged as a writ of habeas corpus,” and that such administrative remedy procedures are to provide the exclusive remedy to the inmate for those complaints. Owens, 965 So.2d at 888 n. 4.

.We note that La. R.S. 15:571.3(B)(l)(a) was amended again by 2011 La. Acts, No. 186, § 2, and 2012 La. Acts, No. 110, § 1; however, Act 186 is only applicable to those persons sentenced on or after August 15, 2011, and Act 110 is only applicable to those persons sentenced on or after August 1, 2012. Thus, neither of these additional amendments is relevant to this appeal.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state inmates. Owens, 965 So.2d at 888 n. 6. The commissioner’s written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).

. Louisiana Revised Statute 15:1177(A)(10) provides that an aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.

. Louisiana Revised Statute 14:2(B) provides in pertinent part: "In this Code, ... [t]he following enumerated offenses ... are included as 'crimes of violence’: (41) Battery of a police officer[J” And in the statute covering the offense of battery of a police officer, a “police officer” includes correctional officers. See La. R.S. 14:34.2(A)(2). Further, La. R.S. 14:34.5(B)(2) provides that the sentence shall be consecutive to any other sentence imposed.

. It is well settled that the matter of good time credits are directed to the Department exclusively. State v. Coleman, 2009-1388 (La. App. 1st Cir.2/12/10), 35 So.3d 1096, 1099, writ denied, 2010-0894 (La.4/29/11), 62 So.3d 103. Therefore, this court declines to calculate Branch's good time credits or a release date.