## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30331

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2016

Lyle W. Cayce
Clerk

KENNETH OWENS,

     Plaintiff - Appellee

v.

RICHARD L. STALDER, in his individual capacity; HENRY GOINES; RODNEY SLAY; JANICE ELKINS; JAMES L. LEBLANC, in his official capacity,

     Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-768

Before STEWART, Chief Judge, KING and HIGGINSON, Circuit Judges.

PER CURIAM:*

     Plaintiff–Appellee Kenneth Owens filed suit against Defendants–Appellants under 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights as a result of his continued incarceration in a Louisiana state prison. Defendants then moved for summary judgment on qualified immunity and on other grounds. A magistrate judge thereafter submitted a

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30331

recommendation and report to the district court that Defendants were not entitled to qualified immunity, a recommendation to which Defendants did not object.  The district court, following the magistrate judge's recommendation, held that Defendants were not entitled to qualified immunity and denied Defendants' motion for summary judgment.  Defendants timely filed an interlocutory appeal.  On interlocutory appeal, our review is limited to evaluating whether the district court plainly erred in denying Defendants qualified immunity.  We hold that the district court did not plainly err in denying qualified immunity to Defendants and AFFIRM the district court's judgment on qualified immunity.  We DISMISS as to any other issues raised on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 1989, Plaintiff–Appellee Kenneth Owens was sentenced to thirty years of hard labor for two Louisiana state felonies and thereafter began serving his term of incarceration in the Louisiana Department of Public Safety and Corrections (DPSC) prison system.  Under Louisiana state law, Owens was eligible for a diminution of his sentence for good behavior, performance of work, or self-improvement activities, otherwise known as "good time" credit.  La. Stat. Ann. § 571.3.  To this effect, Owens signed a form, effective April 27, 1988, indicating that he would elect to receive "double" good time credit in lieu of incentive wages from the DPSC.  In 1992, 1997, and 2003, the DPSC offered Owens forms to sign in order to receive the double good time credit option, giving thirty days of good time credit for every thirty days served.  Owens signed the election forms in 1997 and 2003.  However, both forms had an effective date of January 5, 1997, rather than his sentencing date of January 4, 1989.  After Owens signed the last form in 2003, he verbally complained to the prison staff at Winn Correctional Center, where he was incarcerated, regarding the effective date listed on the election forms.  Based on legal

research that Owens himself had done, Owens believed that he was entitled to good time credit approval retroactively effective from his sentencing date of January 4, 1989.

After prison officials declined to address Owens' complaint, he pursued state administrative remedies in 2004 seeking good time credit from the DPSC. The DPSC reviewed and ultimately denied Owens' request for relief on August 2, 2004. Owens then petitioned for an emergency writ of habeas corpus in the 19th Judicial District Court of East Baton Rouge Parish. That court dismissed Owens' petition for relief. However, on appeal, the Louisiana First Circuit Court of Appeals reversed and remanded the case to the DPSC to amend Owens' record to reflect appropriate credit for double good time earned from Owens' sentencing date of January 4, 1989. *See Owens v. Stalder*, 965 So. 2d 886, 890 (La. Ct. App. 2007). The court held that its decision was directly controlled by a previous case, *Cox v. Whitley*, 612 So. 2d 158 (La. Ct. App. 1992). *Cox* had held that inmates sentenced to DPSC custody on or after July 1, 1982, who were otherwise eligible for diminution of sentence, would be eligible to receive double good time credits under a Louisiana Act, Act 848. *Id.* at 159. Furthermore, *Cox* added that the calculation of good time credits was to be retroactive to the date of an inmate's sentencing, regardless of any subsequent statutes limiting double good time credits or of any approval forms an inmate signed with respect to good time credits. *Id.* at 159–60.[1] Pursuant to the judgment of the Louisiana First Circuit Court of Appeals, Owens was credited

---

[1] The state habeas court in *Owens* mentioned this particular point in response to the DPSC's argument that Owens' rights to good time credit only ran once Owens first signed an approval form in 1997. The state habeas court found that this argument had been similarly made and rejected in *Cox*. *Owens*, 965 So. 2d at 889.

No. 15-30331

with 1,256 days of good time credit, which resulted in his release from prison on June 14, 2007, on supervised release.[2]

On May 30, 2008, Owens first filed this lawsuit in federal court against Defendants,[3] alleging that Defendants had subjected Owens to false imprisonment in violation of the Fourteenth Amendment by failing to calculate his good time credits properly, thereby preventing his early release from prison. Defendants filed a motion for summary judgment on June 28, 2014, claiming qualified immunity for their failure to calculate Owens' good time credits among other defenses. Owens filed a cross-motion for partial summary judgment on various grounds, arguing that Defendants were not entitled to qualified immunity. The matter was referred to a magistrate judge who issued a report and recommendation on February 2, 2015. The magistrate judge recommended, among other things, that Defendants were not entitled to qualified immunity based on *Cox*. The magistrate judge concluded his recommendation and report by informing the parties that they had 14 days from its filing to object to the recommendations therein. The magistrate judge warned that failure to object to the proposed factual findings and legal conclusions in the report would subject them to plain error review on appeal if the district court accepted the findings and conclusions. Defendants did not

---

[2] Owens' supervised release was subsequently revoked on April 10, 2013, and he was returned to the custody of the DPSC to serve the remainder of his original sentence. The DPSC applied the 1,256 days credit to Owens' remaining sentence. While Defendants sought summary judgment on this fact and the magistrate judge suggested this created a standing issue, the district court found that it had no effect on Owens' standing. We add that this point is not relevant to our limited review of Defendants' qualified immunity on interlocutory appeal.

[3] Owens' first complaint named only Defendant–Appellant Richard L. Stalder, then Secretary of the DPSC. Defendants–Appellants Henry Goines, Janice Elkins, and Rodney Slay were added as part of Owens' first amended complaint. Defendant–Appellant, James L. Leblanc, the current Secretary of the DPSC, was substituted by the district court as to all official capacity claims against the DPSC on June 20, 2014.

4

No. 15-30331

object to the magistrate judge's recommendation and report, while Owens objected to parts of the recommendation and report.

On March 10, 2015, the district court issued its judgment on the magistrate judge's report and recommendation. The district court agreed with the findings of the magistrate judge on qualified immunity and denied Defendants' motion for summary judgment on this ground. The district court then separately held that Owens had standing to pursue his false imprisonment claim, which he had shown as a matter of law. Defendants timely filed an interlocutory appeal from the district court's judgment that same day.

## II. STANDARD OF REVIEW

While we generally only have jurisdiction over appeals from final judgments of district courts under the final judgment rule embodied in 28 U.S.C. § 1291, "a district court's denial of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). As a result, a district court's "denial of a motion for summary judgment based upon qualified immunity [on an issue of law] is a collateral order capable of immediate review." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). Our review of qualified immunity judgments in this interlocutory appeal posture is limited, however. "[W]e only have jurisdiction over 'immunit[ies] from suit,' not over 'mere defense[s] to liability.'" *Juarez v. Aguilar*, 666 F.3d 325, 333 (5th Cir. 2011) (alterations in original) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 43 (1995)). Therefore, our review of such interlocutory appeals is limited to issues of qualified immunity and any other collateral orders, and we do not reach any other issues, such as "liability [that] may be reviewed effectively on appeal from final judgment." *Swint*, 514 U.S. at 43.

No. 15-30331

As a result of this posture, "[t[he standard of review that we apply in an interlocutory appeal asserting qualified immunity differs from the standard employed in most appeals of summary judgment rulings." *Kinney*, 367 F.3d at 347. In particular, we "consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id.* at 348. "If the district court denied summary judgment because material issues of fact exist, this court lacks jurisdiction to review the [district] court's determination that genuine fact issues exist." *Hampton v. Oktibbeha Cty. Sheriff Dep't*, 480 F.3d 358, 363–64 (5th Cir. 2007).

Generally, we review *de novo* "the district court's conclusions concerning the legal consequences . . . of the facts." *Kinney*, 367 F.3d at 349. However, where a magistrate judge issues a report and recommendation and a party fails to "object to [that] Magistrate Judge's Report and Recommendation, that party may not attack the proposed factual findings or legal conclusions except upon the grounds of plain error." *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). This is true even where a party's failure to object can "presumably" be traced to the fact that the report and recommendation ultimately favors that party. *See id.* at 616–17. The same plain error standard applicable to criminal cases described by the Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993), applies in civil cases. *Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997). We may reverse on plain error review only "(1) if there was error, (2) if that error was plain, (3) if the error affects substantial rights, and (4) [if] allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1124. Moreover, "[t]he party charging error bears the burden of proof for establishing these various criteria." *Tompkins v. Cyr*, 202 F.3d 770, 779 (5th Cir. 2000).

## III. DENIAL OF DEFENDANTS' QUALIFIED IMMUNITY

While Defendants assert two merits arguments in addition to arguing that the district court erred when it denied them qualified immunity, we are without jurisdiction to hear these arguments based on the interlocutory posture of this case. *See Swint*, 514 U.S. at 43.[4] Instead, we may only review the qualified immunity holding of the district court. Because the district court adopted the magistrate judge's report and recommendations on qualified immunity and because Defendants failed to object to the magistrate judge's recommendation, we review the district court's holding on qualified immunity for plain error. *See Starns*, 524 F.3d at 617. We hold that the district court did not plainly err when it denied Defendants' motion for summary judgment on qualified immunity.

"To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred." *Hampton*, 480 F.3d at 363. Under this inquiry, "[t]he plaintiff has the burden of demonstrating that the defendant official is not entitled to qualified immunity." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). To satisfy the first prong, a plaintiff must "allege 'the deprivation of an *actual* constitutional [or statutory] right.'" *Hampton*, 480 F.3d at 363 (alterations in original) (quoting *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002)). To satisfy the second prong, a plaintiff must show that the "right is one that is 'sufficiently clear that every reasonable official would

---

[4] In addition to arguing that the district court erred in denying qualified immunity, Defendants argue on appeal that Owens failed to establish a claim of false imprisonment and that any obligation to provide Owens with good time credits was extinguished once he was re-incarcerated. As we mention above, we are without jurisdiction to consider these merits arguments on an interlocutory appeal.

have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)).  In this inquiry, "[t]he dispositive question is 'whether the violative nature of [the] *particular* conduct is clearly established.'"  *Id.* (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011)).  While this does "not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* (quoting *al–Kidd*, 563 U.S. at 741); *see also id.* (emphasizing that the clearly established law prong is not defined "at a high level of generality").

The district court did not plainly err in denying qualified immunity because it was not error to deny qualified immunity and, in any event, any error was not plain.  Owens satisfied the first prong of the qualified immunity inquiry when he alleged that his Fourteenth Amendment rights were violated by the denial of his early release because Defendants failed to calculate his good time credits retroactively from the date of his sentencing.  The Fourteenth Amendment Due Process Clause is violated where a prisoner remains incarcerated after the legal authority to hold him has expired.  *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980).  And a prisoner's due process rights extend to good time credits where the State has "provided a statutory right to good time."  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see id.* ("[T]he prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.").  Moreover, a Louisiana appellate court decision previously held that an inmate in Owens' circumstances was wrongly deprived of double good time credits when the DPSC failed to calculate good time credits retroactively from the date of sentencing.  *See Cox*, 612 So. 2d at 160.

No. 15-30331

Owens also satisfied the second prong of qualified immunity, as it was clearly established by 1992 that good time credits should be calculated retroactively to the date of sentencing.   On December 23, 1992, the Louisiana First Circuit Court of Appeals in *Cox* clearly held that inmates who were sentenced after July 1, 1982—like Owens—were entitled to double good time credit retroactive to the date of their sentencing.  *Cox*, 612 So. 2d at 159–60. As the state habeas court in *Owens* recognized, the *Cox* decision, by its own terms, was sufficient to alert Defendants that Owens should have received double good time credit retroactive from the date of sentencing.  *Owens*, 965 So. 2d at 889.   However, Defendants failed to apply the holding of *Cox* when Owens was issued approval forms in 1997 and 2003 that did not apply good time credits retroactive from the date of sentencing.  Defendants' conduct was therefore objectively unreasonable under clearly established law.

While Defendants argue that the law was not clearly established, they fail to show that the district court erred on this point.  Defendants first argue that *Cox* did not address habitual offenders and that they believed Owens was a habitual offender who was sentenced under a statute that prohibited diminution of sentence altogether.  This argument is unpersuasive.  The *Owens* decision held that *Cox* was directly applicable to Owens, *Owens*, 965 So. 2d at 889–90, and Defendants' previous conduct shows that they did not consider Owens ineligible for diminution of sentence.[5]

Defendants next argue that the right was not clearly established based on an unpublished case from our circuit, *Nelson v. Stalder*, No. 01-30323, 2002 WL 243382 (5th Cir. Jan. 25, 2002) (per curiam).  In *Nelson*, this court held that an inmate did not have a clearly established right to receive credit for time

---

[5] While Defendants now argue that they previously believed Owens was ineligible for diminution of his sentence, the record indicates otherwise as Defendants gave Owens election forms to receive good time credit on three separate occasions in 1992, 1997, and 2003.

served because the error did not exist until the inmate filed suit in state court and the state court identified the error. *Id.* at \*2. However, the status of the law at the time of the alleged violation in *Nelson* was markedly different from the present case. The plaintiff in *Nelson* filed suit under 42 U.S.C. § 1983, alleging Fourteenth Amendment violations after a state court found that the plaintiff was entitled to additional credit for time served and that prison officials had incorrectly calculated the plaintiff's term of incarceration. *Id.* at \*1. But the state court in *Nelson* reached its holding while noting that it could find no cases directly on point to support its holding. By contrast, prior to Owens' state habeas action, *Cox* clearly established that Owens should have received retroactive double good time credit, and *Cox* was issued before prison officials incorrectly calculated Owens' good time credit in 1997 and 2003. *Nelson* is therefore inapposite.[6]

## IV. CONCLUSION

For the reasons herein, we AFFIRM the district court's judgment denying qualified immunity for Defendants and DISMISS as to any other issues raised on appeal.

---

[6] Moreover, even assuming that *Nelson* is persuasive and that the district court erred in not considering *Nelson*, Defendants fail to show that the district court's error in denying qualified immunity was "plain" for purposes of plain error review. In order for an error to be plain, it "must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). But *Nelson* is a single, unpublished opinion, and we have previously noted that a party cannot show plain error where there is a "lack of published authority addressing [an] issue." *United States v. Romero–Molina*, 600 F. App'x 286, 287 (5th Cir. 2015) (per curiam) (unpublished).