# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2019 CA 0726 & 2019 CW 0398

## AKANDO DUCKSWORTH

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:**  FEB 2 1 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C668938

Honorable Richard "Chip" Moore, Judge Presiding

* * * * * *

| | |
|---|---|
| Akando Ducksworth #714207<br>Dixon Correctional Institute<br>Jackson, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**McCLENDON, J.**

Akando Ducksworth, an inmate incarcerated by the Louisiana Department of Public Safety and Corrections (the Department), appeals a district court judgment that dismissed his petition for judicial review. We affirm.

On May 25, 2017, Mr. Ducksworth filed an administrative remedy procedure (ARP) with the Department requesting his release based on medical parole. See LSA-R.S. 15:1171, *et seq.* After the denial of his ARP, Mr. Ducksworth filed a petition for judicial review on May 3, 2018. See LSA-R.S. 15:1177. In his petition, Mr. Ducksworth alleged that he has a rare medical condition that prevents him from speaking. He asserted that he began speech therapy lessons at University Medical Center (UMC) in New Orleans in April 2017, but that after eight months, his vocal quality declined "to the level of only a faint whisper." Mr. Ducksworth further alleged that in December 2017, UMC cancelled his therapy "because he showed no improvement in his condition" and that since the cancellation, he has "been on a steady decline." Mr. Ducksworth contended that on a visit to UMC in March 2018, he asked the doctors to renew his therapy sessions, "but was informed that no future sessions would be scheduled because the prognosis for his recovery was poor." He asserted that he met the criteria for medical parole and requested that he be granted an application for medical parole.

The Department filed an answer denying Mr. Ducksworth's claims and specifically stating that medical parole is discretionary and not mandatory as framed by Mr. Ducksworth. The Department also attached the administrative record. Thereafter, in response to the court's order, the Department supplemented the record with DOC Regulation HC-06B, regarding medical parole. Following a status conference, the commissioner issued a recommendation that Mr. Ducksworth's appeal be dismissed with prejudice and at his costs for failure to state a cause of action for which relief could be granted.[1] After considering the commissioner's report and Mr. Ducksworth's traversal thereof, the district court adopted the commissioner's recommendation and dismissed

---

[1] The office of the commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of incarceration of state inmates. **Owens v. Stalder**, 06-1120 (La.App. 1 Cir. 6/8/07), 965 So.2d 886, 888 n.6. See also **Poydras v. Louisiana Dept. of Public Safety and Corrections**, 12-1475 (La.App. 1 Cir. 3/25/13), 2013 WL 1196587, *1 n.1 (unpublished), writ denied, 13-1214 (La. 11/1/13), 125 So.3d 424.

2

Mr. Ducksworth's judicial review of his ARP, with prejudice. Mr. Ducksworth now appeals, contending that that his condition has "significantly deteriorated since his sentencing," qualifying him for medical parole eligibility.[2]

Louisiana Revised Statutes 15:574.20A provides, in pertinent part, that "any person sentenced to the custody of the Department of Public Safety and Corrections may, upon referral by the department, be considered for medical parole or medical treatment furlough by the committee on parole." The Department's Health Care Policy No. HC-06B, regarding medical parole, provides the following relevant definitions, in part:

A. **Medical Parole**: A specific type of parole for offenders who, because of a medical condition, are determined by the Department to be a permanently disabled offender....

B. **Permanently Disabled Offender**: For the purpose of this policy, any offender who is unable to engage in substantial gainful activity by reason of any medically determinable physical impairment which can be expected ... to be permanently irreversible ....

Health Care Policy No. HC-06B, Paragraph 5A and B.[3] The Department's health care policy also provides that any permanently disabled offender may be considered for medical parole. However, it also provides that "[g]enerally, medical parole consideration shall not be given to an offender when the offender's medical condition was present at the time of sentencing, unless the overall condition has significantly deteriorated since that time." Health Care Policy No. HC-06B, Paragraph 6B.

A review of the record shows that Mr. Ducksworth suffers from recurrent respiratory papilioma (RRP) of the larynx. RRP is a benign tumor that grows on the vocal cords repeatedly causing increasing difficulty with speech and that can eventually obstruct the airway. The treatment for this condition is repeated surgical resections. Although patients with RRP require multiple surgeries, RRP recurs on an irregular

---

[2] Mr. Ducksworth also filed a writ application with this court seeking supervisory review of the district court's judgment. Thereafter, Mr. Ducksworth supplemented his writ application with a letter stating: "I submitted a 'writ' to this court, but essentially, it's my appeal of the district court's ruling and due to my inexperience, I didn't know the proper title." The writ application was referred to this appellate panel. Because we are affirming the district court's judgment in this appeal, we dismiss the supervisory writ application.

[3] See also LSA-15:574.20B(1)(a) ("'Permanently disabled offender' means any offender who is unable to engage in any substantial activity by reason of any medically determinable physical impairment which ... can be expected to be permanently irreversible").

3

timeline, and, therefore, it is not possible to predict how often surgery is required . The record further indicates that Mr. Ducksworth's last surgery was performed on August 3, 2016.

In its report, the commissioner noted that an offender's release on medical parole is not mandatory or an entitlement and that it is the Department's responsibility to identify offenders who may be eligible for medical parole.[4] The commissioner found that although Mr. Ducksworth initiated the screening process himself by filing his ARP grievance, the process does not specifically prohibit him from doing so. The commissioner pointed out, as stated in the first step response, that Mr. Ducksworth was evaluated by a health care practitioner who determined that Mr. Duckswrth was not a candidate for medical parole. Although Mr. Ducksworth maintained that the Department failed to consider that his condition had gotten worse since his sentencing, the commissioner nevertheless determined that Mr. Ducksworth failed to present any medical evidence proving that his condition had significantly deteriorated to a state of permanent irreversibilty such that the Department abused its discretion in not considering him for medical parole. The commissioner found that based on the medical evidence in the record, Mr. Duckworth's condition is recurrent but not permanently irreversible. Therefore, the commissioner concluded that Mr. Ducksworth failed to state a cause of action that would permit the district court to intervene in the authority of the prison administration to implement its health care policies.

Under LSA-R.S. 15:1177A(9), the Department's decision on an ARP may be reversed or modified by the district court "only if substantial rights of the appellant have been prejudiced" because of the administrative decision.[5] On review of the district

---

[4] Any treating health care practitioner or any member of the Department's staff with knowledge of an offender's permanent disability may initiate the process. Health Care Policy No. HC-06B, Paragraph 7A and B. The Unit Medical Director is responsible for evaluating every screening for medical parole based on the medical criterion. Health Care Policy No. HC-06B, Paragraph 7C. Paragraph 7C also notes the following:

> NOTE: Medical criterion is only one of the many factors in determining the suitability of an offender for a medical release. The Department uses a multi-disciplinary team approach to do a [thorough] public safety risk assessment. It is not expected from the Unit Medical Director to provide his opinion about overall suitability for a medical release. The Unit Medical Director's evaluation shall be objective, fact based and only about the offender's medical condition meeting or not meeting the medical criterion.

[5] Louisiana Revised Statutes 15:1177A(9) provides:

court's judgment in a suit for judicial review under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. **Williams v. Louisiana Department of Public Safety and Corrections**, 18-0268 (La.App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93.

Based on our thorough review of the record, we find that the district court did not err in concluding that Mr. Duckworth's substantial rights were not prejudiced. Therefore, we find no error by the district court in its dismissal of Mr. Ducksworth's suit with prejudice. Accordingly, the judgment of the district court is affirmed. All costs of the appeal are assessed against the appellant, Akando Ducksworth.

**WRIT APPLICATION DENIED; JUDGMENT AFFIRMED.**

---

A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided:

\* \* \*

(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) In violation of constitutional or statutory provisions.

(b) In excess of the statutory authority of the agency.

(c) Made upon unlawful procedure.

(d) Affected by other error of law.

(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.